**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Webb, et al., | No. CV-25-01644-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Plaintiff Sandra Webb was shopping at Costco when "she slipped on some inconspicuous liquid, fell, and was injured." (Doc. 1-1 at 7.) Webb and her husband filed this suit against Costco in Maricopa County Superior Court. (Doc. 1-1 at 6.)  Costco was served on April 24, 2025, and removed the suit to federal court on May 14, 2025. (Doc. 1 at 2.) The day after removal, the Clerk of Court issued a Notice of Deficiency stating Costco had committed two procedural errors in its filings. First, Costco's papers were signed by one attorney but filed using the login credentials of a different attorney. Second, Costco allegedly had not submitted "the generated automated Civil Cover Sheet." (Doc. 5.) The notice directed Costco to file a cover sheet but did not direct any corrective action regarding the use of the wrong login credentials. (Doc. 5.)

On May 28, 2025, Webb filed a motion to remand. (Doc. 7.) That motion does not argue the removal was untimely. Nor does it claim complete diversity is lacking or less than $75,000 is in controversy. Instead, the motion argues Costco violated Local Rules 3.6 and 5.5(b) such that remand is required. Local Rule 3.6 requires a removing party file a

1  Civil Cover Sheet when removing a case from state court. Webb cites the Notice of
2  Deficiency as establishing Costco violated that rule. As for Local Rule 5.5(b), it provides
3  "[t]he Court will accept for filing documents submitted, signed or verified by electronic
4  means consistent with these rules and the [Electronic Case Filing Administrative Policies
5  and Procedures Manual for the District of Arizona]." Webb claims the Notice of Deficiency
6  establishes Costco also violated Rule 5.5(b) because the removal papers were filed using
7  the wrong login credentials. Based on these alleged violations of the Local Rules, Webb
8  argues the court "cannot accept [Costco's] Notice of Removal as filed." Because the "30-
9  day deadline for [Costco] to file a valid Notice of Removal lapsed on May 27, 2025," Webb
10 believes the court has no choice but to remand. (Doc. 7 at 4.) Webb's motion, if not actually
11 frivolous, is a hair's breadth from it.

12    The portion of the Notice of Deficiency regarding the civil cover sheet was issued
13 in error. That fact is reflected on the docket. The parties were informed of the error on May
14 30, 2025, but Webb did not withdraw her argument regarding the civil cover sheet. The
15 court cannot grant remand based on a procedural error that does not exist.

16    The second procedural error regarding use of the wrong login credentials exists but
17 Webb does not cite any authority indicating this type of error would be a valid basis for
18 remand. The Ninth Circuit previously concluded a more significant procedural error—
19 failing "to attach [the] original complaint to [the] notice of removal"—was a "*de minimis*
20 procedural defect" that could be cured "even after expiration of the thirty-day removal
21 period." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)
22 (simplified); *see also Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) ("a totally
23 inconsequential defect in removal papers [does not] deprive the district court of jurisdiction
24 over a case removed to it"). Costco's error in using the wrong login credentials is less
25 serious than failing to attach all the required papers. Costco's error falls well short of
26 meriting remand.[1]

---

[1] There is no need for Costco to take any corrective action regarding this error. When a party fails to file a document that should have been part of the record from the beginning, requiring correction makes sense. But requiring Costco refile the exact same papers using the correct login credentials would serve no purpose. *See Wisconsin Dep't of Revenue v.*

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 7) is **DENIED**.

Dated this 13th day of June, 2025.

*[signature]*

**Honorable Krissa M. Lanham**
**United States District Judge**

---

*William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992) (faulting party for ignoring "the venerable maxim de minimis non curat lex ('the law cares not for trifles')").